**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HFT Solutions, LLC, | Case No. 1:24-cv-13214 |
| *Plaintiff / Counterclaim Defendant*, | Hon. Daniel P. McLaughlin |
| v. | Hon. John J. Tharp, Jr. |
| Jump Trading, LLC, | JURY TRIAL DEMANDED |
| *Defendant / Counterclaim Plaintiff.* | |

**<u>AMENDED PROTECTIVE ORDER</u>**

The parties in the above captioned case (the "Parties") have agreed to the following terms of this Amended Protective Order to replace in its entirety the protective order in LPR Appendix B.

Accordingly, it is ORDERED:

1. **<u>Findings</u>:** The Court finds that the Parties to this case may request or produce information involving trade secrets, confidential research and development, commercial information, and/or computer source code, the disclosure of which is likely to cause harm to the party producing such information.

2. **<u>Scope</u>:** This Amended Protective Order governs the treatment of confidential information, including trade secrets, commercial information, and computer source code. Notwithstanding the provisions of this Amended Protective Order, the Parties retain the right to object to producing or disclosing any information on any ground not addressed in this Amended Protective Order. Moreover, nothing in this Amended Protective Order operates as a waiver to object to the use of material covered by this Amended Protective Order in evidence.

3. **<u>Definitions</u>:**

(a)     "Party" means a named party in this case.  "Person" means an individual or an entity.  "Producer" means a person who produces information via the discovery process in this case.  "Recipient" means a person who receives information via the discovery process in this case.

(b)     "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

(c)     "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

(d)     "Source Code" means source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code.  Source Code includes, but is not limited to, programming language text in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor ("DSP"), Hardware Description Language ("HDL"),

Register Transfer Language ("RTL"), VHDL, or Verilog programming languages. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. File paths and file names shall not be considered Source Code, however, they shall be considered Highly Confidential subject to this Amended Protective Order.

(e)     "Highly Confidential – Source Code" information is extremely sensitive information representing Source Code, the disclosure of which to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means than provided herein.

(f)     Information is not Confidential, Highly Confidential, or Highly Confidential – Source Code if it is disclosed in a printed publication to the public, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Amended Protective Order.

(g)     "Final Disposition" means the date on which all rights to be heard, including all rights to appeal, rehearing, remand, retrial, trial, or other review have been exhausted, including time limits for filing any motions for extension of time.

**4.     <u>Designation of Information as Confidential, Highly Confidential, or Highly Confidential – Source Code</u>:**

(a)     **Good Faith Belief.**     A person's designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code means that the person believes in good faith, upon reasonable inquiry, that the information qualifies

3

as such.

(b)     **Designating Documents.**    A person designates information in a document or thing as Confidential, Highly Confidential, or Highly Confidential – Source Code by clearly and prominently marking it on its face as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE". For documents produced in native electronic format, such documents may be designated for protection under this Amended Protective Order by appending to the file names or designators information including whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, or shall use any other reasonable method for so designating protected material produced in native electronic format.  A Producer may make documents or things containing information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Highly Confidential – Source Code before providing them to the Recipient.

(c)     **Designating Deposition Testimony.**    A person may designate information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential – Source Code.  If no designation is made on the record, then the deposition testimony shall be treated as Highly Confidential after receipt of the final transcript for thirty (30) days. Within the thirty (30) day period, a party may notify in writing the opposing party that

the deposition testimony is designated as Confidential, Highly Confidential, or Highly Confidential – Source Code. The party making the designation is responsible for informing the court reporting service and ensuring that the transcript is marked accordingly. If no designation is made on the record or within the thirty (30) day period, then the deposition testimony shall be treated as not Confidential, Highly Confidential, or Highly Confidential – Source Code. In the event of an inadvertent failure to designate deposition testimony, a party may designate deposition testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code after the expiration of the thirty (30) day period by using the procedure described in Paragraph 4(d).

(d) **Inadvertent Failure to Designate.** A person's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Highly Confidential – Source Code does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. In the event that information is designated as Confidential, Highly Confidential, or Highly Confidential – Source Code after disclosure, the Producer must promptly notify the Recipient in writing of the missing designation. The Producer will then provide properly marked replacement documents or other tangible items to the Recipient within ten (10) calendar days after the notice. Within ten (10) calendar days of receiving properly marked replacements, the Recipient must confirm in writing that the unmarked documents or other tangible things were destroyed or return the previously unmarked documents or tangible items to the Producer.

(e) **Withdrawing Designations.** A person who has designated information as Confidential, Highly Confidential, or Highly Confidential – Source Code may

withdraw the designation by written notification to all Parties in the case.

(f) **Disputing Designations.** If a Recipient disputes a Producer's designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code, the Recipient shall notify the Producer in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed and proposing a new designation for such information. The Recipient and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) calendar days after notice of the dispute unless within that fourteen (14) calendar day period the Producer files a motion with the Court, and such motion is resolved, to maintain the Producer's designation. The Producer bears the burden of proving that the information is properly designated as Confidential, Highly Confidential, or Highly Confidential – Source Code. The information shall remain subject to the Producer's Confidential, Highly Confidential, or Highly Confidential – Source Code designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential, Highly Confidential, or Highly Confidential – Source Code is not an admission that the information was properly designated as such.

(g) **Production of Information Designated as Confidential, Highly Confidential, or Highly Confidential – Source Code Constitutes No Waiver of Confidentiality.** Production of documents designated as Confidential, Highly Confidential, or Highly Confidential – Source Code by each of the Parties shall not be deemed a publication of the documents, information, or material (or contents thereof)

produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or material or its contents.

**5.** **Protection of Confidential, Highly Confidential, and/or Highly Confidential Source Code Information:**

(a) **General Protections.** Information designated as Confidential, Highly Confidential, and/or Highly Confidential – Source Code shall not be used for any purpose other than this litigation, including any appeal thereof. Any use or disclosure of information designated as Confidential, Highly Confidential, and/or Highly Confidential – Source Code is subject to the restrictions of this Amended Protective Order. There shall be no disclosure of any information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code by any person authorized to have access thereto to any person who is not authorized for such access under this Amended Protective Order. The Parties are hereby ordered to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

(b) **Use and Disclosure of Confidential Information.** The Recipient may not disclose information designated as Confidential to any person except as set forth in subparagraphs (1)-(10) and subject to the requirements of Paragraph 6 (Approval Provisions):

(1) **Outside Counsel.** All outside counsel of record;

(2) **In-house Counsel.** A Party's in-house counsel to the extent that outside counsel determines in good faith that the in-house counsel's assistance is reasonably necessary to supervise, manage, or otherwise conduct this litigation;

(3) **Party Officers and Employees.** A Party's officer or employee to the extent that outside counsel determines in good faith that the officer or employee's assistance is reasonably necessary to supervise, manage, or conduct this litigation;

(4) **Experts.** An expert or consultant by a Party for the purposes of this litigation only;

(5) **Court Reporters and Recorders.** A Court reporter, stenographer, videographer, or other recorder engaged for depositions or Court proceedings;

(6) **Vendors.** A person specifically engaged for the limited purpose of making copies of documents, organizing documents, and/or processing documents, including outside vendors hired to process electronically stored documents;

(7) **The Court and its personnel**;

(8) **Author or Recipient**. The author or recipient of a document (not including a person who received the document in the course of litigation);

(9) **Support Staff.** All reasonably necessary support staff of persons authorized to view information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code pursuant to paragraphs (5)(b)(1), 5(b)(4), 5(b)(5), and 5(b)(6), including paralegals, secretarial, and clerical personnel;

(10) **Others by Consent or Order.** Other persons only by the written consent of the Producer or upon Order of the Court pursuant to Paragraph 5(g) below.

(c) **Use and Disclosure of Information Designated Highly Confidential.**

Subject to the requirements of Paragraph 6 (Approval Provisions), a Party may disclose information designated as Highly Confidential only to persons identified in Paragraphs 5(b)(1), 5(b)(4) – 5(b)(9). A Recipient shall not disclose information designated as Highly Confidential to any other person.

(d) **Use or Disclosure of Information Designated Highly Confidential – Source Code.** Subject to the requirements of Paragraph 6 (Approval Provisions), access

8

to information designated as Highly Confidential – Source Code shall be limited to outside counsel of record and up to three (3) outside consultants or experts (*i.e.,* not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such materials pursuant to Paragraph 6, provided such persons have signed the "Acknowledgement and Agreement to Be Bound," attached as Appendix 1 to this Amended Protective Order, and the "Certification Of Consultant Re Amended Protective Order Governing Highly Confidential – Source Code In This Case," attached as Appendix 2 to this Amended Protective Order. The Recipient shall identify any individual who will be given access to the Source Code at least ten (10) business days prior to the first time any such individual is given access to the Source Code and, during that ten (10) business day period, the Producer may object to providing access to any persons so identified.

(e)     **No Use of Highly Confidential – Source Code Information with Artificial Intelligence Tools.** A Recipient shall not input, upload, include as part of a prompt, or otherwise share information designated as Highly Confidential – Source Code with any artificial intelligence ("AI") tool and/or large language model ("LLM"), including but not limited to: (i) chatbots and conversational AI tools; (ii) code completion and code generation tools; (iii) AI-powered search, summarization, analysis, or extraction tools; or (iv) any other tool or service that stores, indexes, or uses the designated materials to train, fine-tune, or improve AI models or algorithms. For the avoidance of doubt, if a Recipient inputs, uploads, includes as part of a prompt, or otherwise shares such information with any AI tool and/or large language model it shall constitute disclosure of information designated as Highly Confidential – Source Code

to a third party not authorized in Paragraph 5(d).

(f) **Generative AI.** Subject to and without limiting any other provision of this Amended Protective Order, Recipients are permitted to use information designated as Confidential and Highly Confidential by a Producer in AI and LLM technologies, provided, however, that (i) Recipient shall implement reasonable protocols regarding the disclosure or use of Producers' protected material in such technologies to ensure compliance with the terms of this Amended Protective Order; (ii) such use is only permitted in private instances of such technologies; (iii) such technology is not accessible by anyone not permitted by this Amended Protective Order to have access; (iv) such technology will not capture or otherwise use the Producers' protected material or any data associated therewith for: prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, fine-tune, or otherwise develop or modify AI or LLM technologies. Without limiting the generality of the foregoing, Recipients are prohibited from using the Producers' protected material or any data associated therewith to train, improve, re-train, fine-tune, or otherwise develop or modify any AI or LLM technologies. For the avoidance of doubt, use of information designated as Highly Confidential – Source Code with AI and LLM technologies is governed by Paragraph 5(e) above.

(1) Before a Recipient transfers any Producer's protected material to be analyzed by any AI or LLM technologies, the Recipient shall take reasonable steps to ensure that it can delete all such protected material and any derivatives from such technologies at the final termination of this Action, as defined in Paragraph

16. The Recipient will be responsible for taking reasonable steps to destroy such protected material following the final termination of this Action. This provision shall not be interpreted to preclude Recipients from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

(g) **Use of Information Designated as Confidential, Highly Confidential, or Highly Confidential – Source Code at Deposition.** Nothing contained herein shall be construed to prejudice any Party's right to use any information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code in taking testimony at any deposition or hearing, provided that the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code is only disclosed to a person(s) who is: (i) eligible to have access to the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code by virtue of his or her employment with the designating party, (ii) identified in the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code as an author, addressee, or copy Recipient of such information, (iii) although not identified as an author, addressee, or copy Recipient of such information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code, has, in the ordinary course of business, seen such information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code, (iv) a current or former officer, director, or employee of the Producer or a current or former officer, director, or employee of a company affiliated with the Producer; or (viii) other persons entitled in

Paragraph 5(b), 5(c), or 5(d) to access information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code. For the avoidance of doubt, information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producer or from the Court.

(h)     **Disclosure by Court Order.**  A Recipient who wishes to disclose information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code to a person not authorized under Paragraph 5(b), 5(c), or 5(d), respectively, must first make a reasonable attempt to obtain the Producer's permission. If the Recipient is unable to obtain permission, it may move the Court to obtain permission.

6.     **Approval Provisions:**  Anyone authorized to access information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code pursuant to Paragraph (5)(b)(4) shall read this Amended Protective Order and sign the "Acknowledgement and Agreement to Be Bound," attached as Appendix 1 to this Amended Protective Order, which must be retained by the signing Party's outside counsel of record in this action and served on the opposing party's outside counsel of record. At least ten (10) business days prior to disclosing the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code, the Party seeking to disclose the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code to anyone authorized to access information pursuant to Paragraph (5)(b)(4) shall provide written notice of: (1) the name of the person; (2) the present employer and title of the person; (3) an up-to-date curriculum vitae; (4) a list of current and past consulting relationships undertaken within the last five (5) years (including an identification of any litigation matters in which the consultant or expert has testified, by way of

expert report, deposition, or testimony at a hearing or trial), including any consulting or employment relationships, financial interests, or the like with high-frequency trading, algorithmic trading, or any other trading (e.g., trading strategy development, low latency hardware development, and the like); and (5) an indication whether the person will access information designated as Highly Confidential or Highly Confidential – Source Code. Within ten (10) business days of receiving the identification of the individual, the Producer may object in writing to the disclosure of information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code to the proposed individual for good cause. Good cause may include, but is not limited to, competitive sensitivity. For example, the Producer has good cause to object to anyone on the basis that the individual is currently employed by, consulting for, advising, providing services to, or holds an equity or partnership interest in any entity engaged in high-frequency or algorithm trading or development or deployment related technology. Unless the Parties resolve the dispute within ten (10) business days after service of the objection, the Producer must move the Court promptly for a ruling. If the Producer has filed such a motion, the Protective Material must not be disclosed without the Court's approval.

7. **Source Code Restrictions:** Subject to the restrictions of Paragraphs 5 and 6, the following additional restrictions apply:

(a) **Source Code Review Computer.** Any information designated as Highly Confidential – Source Code shall be made available for inspection using one secure review computer ("Source Code Review Computer"), in a secured room, provided by the Producer, where the Source Code production is accessible from the Source Code Review Computer. If a Party's Source Code is provided on the Source Code Review Computer, the Source Code Review Computer shall be a "stand-alone"

computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The Source Code Review Computer will be located at the Palo Alto office of the Producer's outside counsel of record or as otherwise agreed. No person other than the Producer, or its designee, may alter, dismantle, disassemble, or modify the Source Code Review Computer in any way, or attempt to circumvent any security feature of the Source Code Review Computer.

(b) **Review Days/Times.** The Producer will make the Source Code Review Computer available during normal business hours, which for the purposes of this paragraph shall be 9:00 a.m. to 5:00 p.m. local time, Monday through Friday, excluding holidays. Requests for access to the Source Code Review Computer shall be at least five (5) business days before the inspection of the Source Code.

(c) **Source Code Format and Tools.** The Producer will produce Source Code in computer searchable format on the Source Code Review Computer. The Source Code Review Computer shall include reasonable analysis tools or programs installed by the Producer. The Source Code Review Computer will be made available using a password-protected account having read-only access. The Recipient may request that additional commercially available software tool(s) be installed on the Source Code Review Computer, provided that the Recipient provides (at the Recipient's cost) a licensed copy of the tool(s) to the Producer at least five (5) business days in advance of the inspection. The Producer may reasonably reject such a request.

(d) **Source Code Review Room.** No electronic devices shall be permitted in the secure room, including but not limited to, laptops or computers, CDs, DVDs, USB-connectable devices, or any removable media or any kind, mobile electronic

devices such as cellular telephones, smartphones, tablets, cameras, video recording equipment, sound recording equipment, telephone jacks, smart watches, devices with camera functionalities, peripheral equipment, and/or other electronic recording media. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. During review of the Source Code, the Recipient (including its consultants and experts) may take handwritten notes relating to the Source Code. No loose paper or other paper that can be used in a printer may be brought into the secure room. All handwritten notes must be taken on consecutively numbered permanently bound notebooks that are clearly labeled on their cover(s) as "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Source Code Review Notebooks"). Any notes taken during review of Source Code in a Source Code Review Notebook may not copy any portion of the Source Code, except for variable names, object names, method names, class names, file names, line numbers, function names, or quotations from code comments. These handwritten notes may be subject to attorney-client privilege or work product protection. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producer may visually monitor the activities of the Recipient's representatives during any Source Code review, in a non-intrusive fashion and at reasonable intervals, through a glass wall, window, or video camera that does not permit monitoring of the specific portions of code reviewed by the Recipient's representative, but only to the extent reasonably necessary to ensure compliance with the provisions of this Order. In so doing, the Producer will not monitor, listen in on, or otherwise inhibit

the Recipient's privileged communications or note-taking in the Source Code Review Room, and the Producer's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

(1) **Electronic Notetaking.** Notwithstanding this paragraph, persons who are permitted to access information designated as Highly Confidential – Source Code under Paragraph 5(d) may take electronic notes on the Source Code Review Computer. Any electronic notes may not copy any portion of the Source Code, except for variable names, object names, method names, class names, file names, line numbers, function names, or quotations from code comments. The Source Code Review Computer shall be configured with Microsoft Word or Microsoft OneNote, or (after reasonable notice to the Recipient) equivalent software, such that the Recipient can create or modify notes directly on the Source Code Review Computer. Upon request from counsel for HFT Solutions, LLC, all electronic notes taken by a permitted reviewer on behalf of HFT Solutions, LLC (i.e., any HFT Solutions, LLC retained consultant or expert permitted to review Jump Trading's Source Code) on the Source Code Review Computer will be printed by Jump Trading, LLC and provided to counsel for HFT Solutions, LLC in the same manner that Source Code printouts are provided for herein. HFT Solutions, LLC

expressly waives any attorney-client privilege, work product protection, and any other privilege and protection associated with any such electronic notes, and agrees that such electronic notes are not subject to any attorney-client privilege, work production protection, or any other privilege or protection.

(e) **Source Code Review Computer Access Log.** The Recipient shall maintain a record of any individual who has inspected any portion of the Producer's Source Code in electronic or paper form. The Recipient, in cooperation with the Producer, shall maintain a daily log of the names or persons who enter the secure room to view the Source Code, including times of entry and departure.

(f) **Source Code in Litigation Documents.** A Recipient may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collective, "Source Code Documents"), provided that the Source Code Documents are marked under this Amended Protective Order as Highly Confidential – Source Code, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of Source Code are quoted in a Source Code Document, the entire Source Code Document will be stamped and treated as Highly Confidential – Source Code.

(g) **Electronic Copies of Source Code.** No electronic copies of Source Code shall be made without prior written consent of the Producer, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically.

(h)     **Identifying Source Code for Printing.**   The Source Code Review Computer shall be configured with a means for identifying Source Code for printing, as permitted herein.   During review of the Source Code**,** a person permitted to view Source Code under Paragraph 5(d) may identify portions of the Source Code to print only when reasonably necessary to facilitate the Receiver's preparation of filings with the Court, expert reports, contentions, discovery requests and responses, and hearing exhibits, and shall print only such portions as are believed in good faith to be relevant to the claims and defenses in the case and are reasonably necessary for such purposes.   A person permitted to view the Source Code under Paragraph 5(d) shall not request printing of Source Code that has not been reviewed on the Source Code Review Computer, or in order to review the Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing the Source Code electronically on the Source Code Review Computer. A person permitted to view the Source Code under Paragraph 5(d) shall place a copy of all screenshots or excerpts to be printed in a "To Print" folder on the Source Code Review Computer.

(i)     **Paper Copies of Source Code**.   The Recipient may request paper copies of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.   Any print request that consists of more than twenty-five (25) consecutive pages of information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be presumed excessive, and the burden shall be on the Recipient to demonstrate the need for such a printed copy. The Recipient may request printing of two-hundred and fifty (250) pages of information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," all of which shall be

designated and clearly labeled as "HIGHLY CONFIDENTIAL – SOURCE CODE." These printing limitations are subject to further agreement between the Parties or Order of the Court. In such circumstances, the burden shall be on the Recipient to demonstrate the need for more than the printing limitation above. Printed copies of requested Source Code shall be mailed to the Recipient by the Producer. The Recipient is prohibited from making any photographic or electronic copies of the paper copies.

(j) **Securing Source Code Paper Copies.** If the Recipient's outside counsel of record, consultants, or experts obtain printed copies of Source Code, the Recipient shall ensure that such outside counsel, consultants, or experts keep the printed copies in a secured, locked area in the offices of such outside counsel, consultants, or experts. The Recipient may also temporarily keep the printed copies at: (i) the Court for any proceeding(s) relating to the Source Code, for the dates associated with the proceeding(s) and (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s) so long as the printed copies are in a secured, locked area at the Court or sites. The Recipient shall maintain a log of all paper copies of the information designated as Highly Confidential – Source Code. The log shall include the names of each reviewer and/or recipient of paper copies and the location(s) at which the paper copies are stored. Upon one (1) business day's advance notice to the Recipient by the Producer, the Recipient shall provide a copy of this log to the Producer.

(k) **Source Code at Depositions.** For depositions involving Source Code, the Recipient shall not bring copies of any Source Code printouts, other than a set of paper copies for the examining attorney's individual use during the deposition. Rather,

19

the Recipient shall give notice, at least five (5) business day prior to a deposition, to the Producer to make available paper copies of the Source Code printouts at the deposition of a witness who would otherwise be permitted to access the Source Code under this Amended Protective Order.  In response to said notice, the Producer shall provide copies of the Source Code printouts at the deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition, except the examining attorney's aforementioned individual set of paper copies, which may contain attorney work product, shall be returned to the Producer and securely destroyed in a timely manner following the deposition.

(1)     Furthermore, for depositions of persons qualified to view Source Code, at least one (1) week before the date of the deposition, or in the case of a deposition reasonably scheduled less than (1) week in advance, no later than 24 hours after scheduling such deposition, the Recipient shall notify the Producer if the Recipient wishes to have the Source Code Review Computer and/or Source Code printouts available at the deposition, which the Recipient shall provide. To the extent the location and schedule of depositions makes it impractical to have a Source Code Review Computer at multiple depositions where it is necessary, the Parties will meet and confer in good faith. The computer upon which Source Code is made available at the deposition shall include appropriate software analysis tools as discussed above, provided the Recipient has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition Source Code Review

Computer. The electronic copy of Source Code reviewed by a Producer's witness during a deposition will be visible to deposition attendees in the room—for clarity, electronic copies of Source Code will be visible only to persons attending the deposition in-person. To the extent required, the questioning party at the deposition may request that the Producer create additional pdf printout pages of Source Code on behalf of that questioning party consistent with other provisions and limitations (e.g., limits on number of Source Code printout pages) of the this Amended Protective Order—such Source Code printouts shall be given filenames sufficient to enable their designation as deposition exhibits until Bates numbers can be later assigned by the Producer.

(l)     **Transporting of Source Code.** A Producer's Source Code may only be transported by the Recipient at the direction of a person authorized under Paragraph 5(d) above to another person authorized under Paragraph 5(d) above, on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source code may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 7(g) above and is at all times subject to the transport restrictions set forth herein.

**8.     Disclosure of Information Designated as Confidential, Highly Confidential, or Highly Confidential – Source Code:** A party may not disclose information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code to an expert or consultant pursuant to Paragraph 5(b), 5(c), or 5(d) of this Amended Protective Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Amended Protective Order. The party obtaining the undertaking must serve it on all other Parties within ten (10) calendar days

after its execution. At least ten (10) business days before the first disclosure of information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the Producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten (10) business days after service of the identification. Unless the Parties resolve the dispute within ten (10) business days after service of the objection, the Producer must move the Court promptly for a ruling, and the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code may not be disclosed to the expert or consultant without the Court's approval.

(a) A party who wishes to disclose information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code to a person not authorized under Paragraph 5(b), 5(c), or 5(d) must first make a reasonable attempt to obtain the Producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

(b) If a Recipient of information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code receives compulsory process (e.g., subpoena) commanding production of documents, electronically stored information ("ESI"), or things containing a Producer's information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code, the Recipient must promptly notify the Producer in writing, in addition to following the other provisions of this section, and such notice shall include a copy of the compulsory process. The

Recipient shall promptly notify in writing the party who caused the compulsory process to issue that some or all of the material is subject to this Amended Protective Order, and such notice shall include a copy of this Amended Protective Order. The Recipient shall further cooperate with respect to all reasonable procedures sought to be pursued by the Producer whose protected material may be affected. If the Producer timely seeks a protective order, the Recipient shall not produce any information designated in this action as Confidential, Highly Confidential, or Highly Confidential – Source Code before a determination by the court from which the compulso9ry process issued, unless the Recipient has obtained the Producer's written permission or is otherwise compelled to by law. The Producer shall bear the burden and expense of seeking protection in that court of its protected material.

9. **Prosecution Bar:** Any individual, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's information that is designated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, who obtains, receives, or otherwise learns, in whole or in part, the other Party's information designated as Highly Confidential or Highly Confidential – Source Code under this Amended Protective Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, on behalf of the Recipient or its acquirer, successor, predecessor, or other affiliate during the pendency of this action, pertaining to the field of the invention of the patents-in-suit or the technology used in the Producer's accused products and for which the Recipient has received information designated as Highly Confidential or Highly Confidential – Source Code for one (1) year after its conclusion, including any appeals or two (2) years after such person last reviewed the information designated

as Highly Confidential or Highly Confidential – Source Code, whichever is later. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims during the original prosecution of a patent or during any post-grant proceedings. However, these prohibitions shall not preclude a Party's litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, so long as the individual has no involvement in and does not advise regarding drafting, editing, approving, or amending any claims. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to information designated as Highly Confidential or Highly Confidential – Source Code and any individuals who, on behalf of the Recipient or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit or the technology used in the Producer's accused products and for which the Recipient has received information designated as Highly Confidential or Highly Confidential – Source Code.

**10.** **Development Bar:** Unless otherwise permitted in writing by the Producer, any expert or outside consultant retained on behalf of the Recipient who is to be given access to information designated as Highly Confidential – Source Code must agree in writing, using the form in Exhibit 2, not to perform trading strategy development, trading system architecture design such as hardware or software development work or product development work, or similar competitive decision making that is directly or indirectly intended for commercial purposes related to information designated as Highly Confidential – Source Code, from the time of first receipt of such material through twenty-four (24) months after the date the expert or outside consultant provides written notice to the Producer that said expert or outside consultant ceases to have access

to any material designated Highly Confidential – Source Code, as well as any materials that contain or disclosure Source Code, or if access does not cease, twenty-four (24) months after termination of a final, non-appealable opinion in the case.

**11.     Inadvertent Disclosure:**  Nothing in this Amended Protective Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.  Pursuant to Federal Rule of Evidence 502(d), if documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the Recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The Recipient shall immediately gather and return all copies of such documents, information, or other material to the Producer, except for any pages containing privileged or otherwise protected markings by the Recipient, which pages shall instead be destroyed and certified as such to the Producer.  After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information.  If any

such inadvertently produced material has been used in any other document generated in connection with the action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed. The Producer shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents. The Recipient may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion. Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information. To the extent that a Recipient receives information or items from a Producer that the Recipient believes may have been inadvertently disclosed, the Recipient shall inform the Producer and suspend review of such information or items for five (5) business days subject to the Producer's response.

12. **Improper Disclosure:** If information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code is disclosed to any person other than persons authorized under this Amended Protective Order, or in any manner other than the manner authorized by this Amended Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producer and the Court and, without prejudice to other rights and remedies of the Producer, make every effort to prevent further disclosure, including by the person who improperly received the disclosure.

13. **Third Party Discovery:**

(a)    To the extent that discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involve trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Amended Protective Order.

(b)    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) business days after production of such documents, information, or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as Highly Confidential in accordance with this Amended Protective Order.

14.    **Filing with the Court:**

(a)    This Amended Protective Order does not, by itself, authorize the filing of any document under seal.  No document may be filed under seal without prior leave of court.  A party wishing to file under seal a document containing information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal.  If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any information designated as Confidential,

Highly Confidential, or Highly Confidential – Source Code.

(b)     If a party wishes to file in the public record a document that another Producer has designated as Confidential, Highly Confidential, or Highly Confidential – Source Code, the party must advise the Producer of the document no later than five (5) business days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

(c)     Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

**15.     Jurisdiction and Termination:**  Each person who receives information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Amended Protective Order.  Neither the termination of this Action nor the termination of employment of any person with access to any information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code shall relieve any individual from the obligation of maintaining the confidentiality of such information in accordance with this Amended Protective Order.  The Court shall retain jurisdiction to enforce the terms of the Amended Protective Order after Final Disposition of this Action.

**16.     Document Disposal:**  Within sixty (60) days of Final Disposition, each party must return to the Producer all documents and copies of documents containing the Producer's information designated as Confidential, Highly Confidential, or Highly Confidential – Source

Code, and must destroy all notes, memoranda, or other materials derived from or in any way revealing information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code. Alternatively, if the Producer agrees, or if return is not feasible (e.g., for certain ESI), the party may destroy all documents and copies of documents containing the Producer's information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code and provide certification of such destruction. The party returning and/or destroying the Producer's information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding this paragraph, information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code that may exist on any backup, back-end, or archiving system, or in electronic files that are not reasonably accessible, and which cannot be reasonably deleted from such systems or files within sixty (60) days after the Final Disposition of this Litigation, may be retained until such time as they are subject to routine deletion or destruction provided that confidentiality is maintained in accordance with this Amended Protective Order. Notwithstanding the requirements of this paragraph, outside counsel of record for each party may retain one (1) archival copy of all papers filed with or otherwise provided to the Court, expert reports, discovery requests and responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such discovery material, and provided that such outside counsel of record and their respective employees shall not disclose the information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code contained therein to any person or entity except pursuant to a written agreement with the Producer or as otherwise provided in this Amended Protective Order, and shall maintain the safeguards set forth herein. Outside counsel of record for each party may retain duplicate copies

of e-mail correspondence. The Recipient shall verify the return or description in writing, upon the Producer's request. Even after Final Disposition, the confidentiality obligations imposed by this Amended Protective Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs.

      17.   **Originals:**  A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the Producer has it, must be made available to any other party within ten (10) business days after a written request.

      18.   **Survival of obligations:**  This Amended Protective Order's obligations regarding information designated as Confidential, Highly Confidential, or Highly Confidential – Source Code survive the conclusion of this case.

IT IS ORDERED that the forgoing Order is approved.

DATED: 2/10/26

_____

Hon. Daniel P. McLaughlin

**APPENDIX 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HFT Solutions, LLC,<br><br>   *Plaintiff / Counterclaim Defendant*,<br><br>v.<br><br>Jump Trading, LLC,<br><br>   *Defendant / Counterclaim Plaintiff.* | Case No. 1:24-cv-13214<br><br>Hon. Daniel P. McLaughlin<br><br>Hon. John J. Tharp, Jr.<br><br>JURY TRIAL DEMANDED |

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

  The undersigned hereby acknowledges that s/he has read the Amended Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Amended Protective Order and understands that the terms of the Amended Protective Order obligate him/her to use information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the Amended Protective Order solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm, or concern.

  The undersigned acknowledges that violation of the Amended Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

         _____

         _____

Date: _____         Signature:_____

APPENDIX 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HFT Solutions, LLC,

       *Plaintiff / Counterclaim Defendant*,

v.

Jump Trading, LLC,

       *Defendant / Counterclaim Plaintiff.*

Case No. 1:24-cv-13214

Hon. Daniel P. McLaughlin

Hon. John J. Tharp, Jr.

JURY TRIAL DEMANDED

**CERTIFICATION OF CONSULTANT RE AMENDED PROTECTIVE ORDER
GOVERNING HIGHLY CONFIDENTIAL – SOURCE CODE IN THIS CASE**

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me or of a competitor of any Party and will not use any information, documents, or things that are subject to the Amended Protective Order in the above-captioned case, for any purpose other than this litigation. I agree not to perform trading strategy development, trading system architecture design such as hardware or software development work or product development work, or similar competitive decision making that is directly or indirectly intended for commercial purposes related to information designated as Highly Confidential – Source Code, from the time of first receipt of such material through twenty-four (24) months after the date I provide written notice to the Producer that I cease to have access to any material designated Highly Confidential – Source Code, as well as any materials that contain or disclosure Source Code, or if access does not cease, twenty-four (24) months after termination of a final, non-appealable opinion in the case.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                           _____

                                           [Signature]

Executed On_____

                                           _____

                                           [Printed Name]